# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAUN J. MATZ,

           Plaintiff,

      -vs-                         Case No.   08-C-0494

RODNEY KLOTKA, KARL ZUBERBIER,
SHANNON JONES, PERCY MOORE,
MARK WALTON, MICHAEL CABALLERO,
MILWAUKEE COUNTY, JOHN DOES 1-100,
and JANE DOES 1-100,

           Defendants.

## DECISION AND ORDER

        The plaintiff, a state prisoner proceeding *pro se*, lodged a civil rights complaint under 42 U.S.C. § 1983. In an order dated November 3, 2008, this court determined that the plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1982) and dismissed the plaintiff's complaint. The plaintiff appealed. On February 18, 2009, the Seventh Circuit found that the plaintiff's claims were not barred by *Heck* and remanded this case for further proceedings. This matter is now before the court on the plaintiff's motion for leave to file an amended complaint.

## I. MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

The plaintiff has filed a motion for leave to file an amended complaint, and he attached to his motion a proposed amended complaint. Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Id.* at 182. None of those reasons apply here, and the court will grant plaintiff's motion and screen his amended complaint.

## II. SCREENING

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325

2

(1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations

3

"must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**Complaint Averments**

On September 16, 2003, defendants Rodney Klotka and Karl Zuberbier, both City of Milwaukee police officers, stopped the vehicle Matz was driving. They ordered him at gun point to stop the vehicle he was driving, turn the vehicle off, place his hands behind

4

his head and crawl out of the vehicle on his knees. Defendant Klotka and Zuberbier then handcuffed Matz's hands behind his back, placed him under arrest and took him into custody. Matz was then questioned for two hours at the arrest site before being transported to the Milwaukee Police Administration Building by John Doe 1. There he was detained for questioning by defendants Milwaukee County Sheriff's Department, John Does 1-100 and Jane Does 1-100.

At 6:20 a.m. on September 17, 2003, defendants Shannon Jones and Percy Moore began an interrogation of Matz that lasted four hours and thirty-eight minutes. They did not question Matz about a stolen car. Rather, they asked him about two homicides. After being read his rights, Matz invoked his right to remain silent and stopped the interrogation. At approximately 11:00 a.m., Matz was taken back to a cell and detained.

Defendants Mark Walton and Michael Caballero began interrogating Matz at 8:52 p.m. on September 17, 2003. This interrogation lasted for five and a half hours and ended at 2:53 a.m. Towards the end of this interrogation Matz gave an incriminating statement. When the interrogation was over, Matz was taken back to a cell and detained.

Matz was not brought before a magistrate for arraignment, a bail hearing, or a probable cause determination from the time of his arrest on September 16, 2003, until September 23, 2003.

Matz alleges he has suffered the deprivation of his personal liberty, extreme emotional distress and mental anguish resulting in physical injury, loss of personal property

5

valued at over $1,000.00, and false imprisonment. He seeks a declaratory judgment, compensatory and punitive damages, a jury trial, and any other relief this court deems proper.

**Proposed Fourth Amendment Claims**

Matz submits that defendants Klotka and Zuberbier violated his rights under the Fourth Amendment by arresting him without probable cause. He maintains that these defendants did not have reasonable suspicion that Matz had committed, was about to commit, or was involved in a crime when they stopped the car he was driving. He also argues that these defendants did not have probable cause to arrest him.

In order to prevail on a claim of an arrest in violation of the Fourth Amendment, plaintiff must show that he was arrested without probable cause because probable cause is an absolute defense to such a claim. *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007). A police officer has probable cause to arrest a person if, at the time of the arrest, the "facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Gonzalez v. City of Elgin*, No. 578 F.3d 526, 537 (7th Cir. 2009) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).

At this time, Matz may proceed on a Fourth Amendment unlawful arrest claim against defendants Klotka and Zuberbier. Similarly, Matz may proceed on a Fourth Amendment claim against John Doe 1 because John Doe 1 transported Matz to the police

6

administration building and detained Matz there, and Fourth Amendment claims against defendants Shannon Jones, Percy Moore, Mark Walton, and Michael Caballero because he was in their custody while he was being interrogated. Finally, Matz may proceed on Fourth Amendment claims against Milwaukee County,[1] John Does 2-100, and Jane Does 1-100 because he asserts that they detained him without probable cause.

### Proposed Fourteenth Amendment Claims

Matz submits that Milwaukee County and the John and Jane Does violated his rights under the Fourteenth Amendment when they failed to have a judge, commissioner, or magistrate hold a probable cause determination hearing within forty-eight hours of his arrest. He also contends that the amount of time between his arrest and when he was charged and brought before a judge constitutes an "unreasonable delay" and violated his Fourteenth Amendment rights.

Although Matz presents this as two Fourteenth Amendment claims, this is actually one Fourth Amendment claim. "[T]he Fourth Amendment governs the period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made, while due process regulates the period of confinement after the initial determination of probable cause." *Lopez v. City of Chicago*, 464

---

[1] Although Matz named the Milwaukee County Sheriff's Department in his Amended Complaint, a sheriff's department is not a suable entity under § 1983. *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997)). However, in *Best*, the Seventh Circuit "adjusted the caption accordingly" to name the City of Portland rather than the Portland Police Department. *Best*, 554 F.3d at 698. This court will do the same and will substitute Milwaukee County for the Milwaukee County Sheriff's Department.

7

F.3d 711, 719 (7th Cir. 2006) (quoting *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992)).

"[T]he Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following [warrantless] arrest." Lopez, 464 F.3d at 721-22 (quoting *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). *County of Riverside v. McLaughlin*, 500 U.S. 44, 56-57 (1991), holds that if a *Gerstein* probable cause hearing is not held within 48 hours of a warrantless arrest, the government must demonstrate the existence of an emergency or other extraordinary circumstance to justify its failure to promptly present the person arrested to a judicial officer for a probable cause determination. Matz may proceed on a Fourth Amendment claim against Milwaukee County and the John Does and Jane Does that there was no hearing on probable cause to arrest him wtihin a reasonable amount of time.

In summary, Matz may proceed on Fourth Amendment claims against all of the defendants named in his Amended Complaint.

### III. REQUEST FOR A DIFFERENT JUDGE

Matz also filed a letter with the Clerk of Court, requesting that a different judge hear his case. Matz asserts that the court misrepresented the law, as evidenced by the decision by the Seventh Circuit Court of Appeals reversing and remanding this matter. Additionally, Matz argues that the judge should recuse himself because there has been an

unnecessary delay in addressing his motion to amend and amended complaint. The court will consider the plaintiff's letter as a motion for disqualification and/or recusal.

Section 455(a) of Title 28 of the United States Code requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." However, plaintiff alleges only actions by the judge that occurred in the course of judicial proceedings, and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Further, the plaintiff does not suggest the judge relied upon knowledge acquired outside such proceedings or displayed deep-seated and unequivocal antagonism that would render fair judgment impossible. *See id.* at 556. As such, the court will deny Matz's request for disqualification under § 455.

Additionally, a motion to disqualify under § 144 requires a showing of actual bias. *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718. A party must present "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party." 28 U.S.C. § 144. The facts alleged in the plaintiff's motion must be legally sufficient and demonstrate the judge's personal bias or prejudice against a party. *Hoffman*, 368 F.3d at 718; *United States v. Balistreri*, 779 F.2d 1191, 1199 (7th Cir. 1985). "A court may only credit facts that are 'sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient.'" *Hoffman*, 368 F.3d at 718 (quoting *United States v. Sykes*, 7 F.3d

9

1331, 1339 (7th Cir. 1993)). Here, Matz has contended only that the court made an error of law that was reversed by the Seventh Circuit and delayed in addressing a motion to amend and amended complaint. Thus, the court will deny Matz's request under § 144. "A trial judge has as much obligation not to recuse himself when there is not occasion for him to do so [under § 144] as there is for him to do so when the converse prevails." *Hoffman*, 368 F.3d at 717 (quoting *United States v. Ming*, 466 F.2d 1000, 1004 (7th Cir. 1972)).

## IV. CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for leave to file an amended complaint (Docket #17) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's request for a different judge to hear his case (Docket #20) is **DENIED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the following defendants pursuant to Federal Rule of Civil Procedure 4: Rodney Klotka, Karl Zuberbier, John Doe 1, Shannon Jones, Percy Moore, Mark Walton, Michael Caballero, Milwaukee County, John Does 2-100, and Jane Does 1-100. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are

indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Rudolph T. Randa
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed

11

copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 15th day of January, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**