# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAUN J. MATZ,

                Plaintiff,

        -vs-                                  Case No.   08-C-0494

RODNEY KLOTKA, KARL ZUBERBIER,
SHANNON JONES, PERCY MOORE,
MARK WALTON, MICHAEL CABALLERO,
MILWAUKEE COUNTY, JOHN DOES 1-100,
and JANE DOES 1-100,

                Defendants.

## DECISION AND ORDER

        This matter is now before the Court on the plaintiff's motion for appointment of counsel. The plaintiff has presented evidence of his attempts to retain counsel on his own. He also argues that this case is complex and will include attempts to identify many Jane and John Does. Additionally, he submits that he has a long and complicated history of mental health problems, including diagnoses of Schizoaffective Disorder, major depression, Tourette's Syndrome, Learning Disorder, intermittent explosive disorder, and Borderline Intellectual Functioning. Moreover, the plaintiff cites the Seventh Circuit's direction to appoint counsel for him in *Matz v. Frank, et al.*, Case No. 05-C-1093 (E.D.Wis.), which was transferred to the United States District Court for the Western District of Wisconsin on

October 23, 2009. Finally, the plaintiff cites his recent placement in administrative confinement, which has made it difficult for him to communicate with the prisoner who is assisting him in this litigation.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, the Court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the Court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993 )).

In this case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. Additionally, he has presented sufficient evidence to indicate that he is not competent to try this case and that the presence of counsel could make a difference in the outcome of this case. Accordingly, the court will grant the plaintiff's motion for appointment of counsel; pro bono counsel has been recruited to represent the plaintiff in this matter.

2

**IT IS THEREFORE ORDERED** that the plaintiff's motion for appointment of counsel (Docket #43) is **GRANTED**.

**IT IS ALSO ORDERED** that the dates set forth in the Scheduling Order, entered March 30, 2010 (Docket #42), are **VACATED**.

**IT IS REQUESTED** that Attorney Natalie R. Remington represent the plaintiff in this action, subject to the plaintiff agreeing to the Regulations Governing the Prepayment and Reimbursement of Expenses in Pro Bono Cases From the District Court Pro Bono Fund. A copy of these regulations are attached to this order. Pursuant to Paragraph A.1, the appointment of the attorney is contingent on the plaintiff signing and returning the enclosed form expressing his agreement to be bound by the Regulations.

**IT IS FURTHER ORDERED** that a copy of this order be sent to Attorney Natalie R. Remington, Quarles & Brady LLP, 411 East Wisconsin Avenue, Milwaukee, WI 53202, and Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, WI 53707-7857.

Dated at Milwaukee, Wisconsin, this 10th day of May, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**